ACCEPTED
03-15-00209-CR
8265438
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 2:00:11 PM
JEFFREY D. KYLE
CLERK

# SCHAFFER LAW OFFICES

NOT A PARTNERSHIP
1021 MAIN, SUITE 1440
HOUSTON, TEXAS 77002

Randy Schaffer, P.C.
  *noguilt@swbell.net*
Josh Schaffer, P.L.L.C.
  *josh@joshschafferlaw.com*
Joel Hayter
  *joelhayterlaw@gmail.com*

(713) 951-9555
FAX: (713) 951-9854
www.schafferfirm.com

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 2:00:11 PM
JEFFREY D. KYLE
Clerk

December 16, 2015

Jeffrey D. Kyle
Clerk, Third Court of Appeals
P.O. Box 12547
Austin, Texas 78711-2547

Re:     Joseph v. State
        No. 03-15-00209-CR

Dear Mr. Kyle:

Please bring to the attention of the Court the recent decision in Pruett v. State, No. 02-14-00222-CR (Tex. App—Fort Worth, December 10, 2015). The defendant set fire to a house. By the time the fire department arrived, a neighbor had put out part of the fire with a garden hose, and the remaining fire had "played out" into the yard and was "burning down." There was no evidence that the neighbor or the firefighters were in actual danger of death or serious bodily injury. The defendant was convicted of arson. The court entered an affirmative finding in the judgment that the fire constituted a deadly weapon. The court of appeals held that the evidence was legally insufficient to support the deadly weapon finding, focusing on what happened rather than on what could have happened. Pruett is relevant to Issue One, in which appellant contends that the evidence is legally insufficient to sustain his conviction for aggravated assault because, by wetting the complainant with gasoline without starting a fire, he did not use or exhibit a deadly weapon.

I also want to address the State's failure to file a brief. I was hired on June 8, 2015. Appellant's brief was due on June 15. I requested an extension of time until July 31. I filed a 21-page brief, raising three sufficiency of the evidence issues and a jury charge issue, on July 20. The State's brief was due on August 19. It has obtained four extensions of time, and its brief is due on December 18. The Court should deny any request for an additional extension, as five months is plenty of time to respond, and appellant is incarcerated on legally insufficient evidence.

Sincerely,

Randy Schaffer

RS/ro

cc:     Lisa Stewart